IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE OLIVA #1234620 | § | |
| VS. | § | CIVIL ACTION NO. 9:11CV91 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered motion to vacate, set aside or correct a federal sentence pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner's instant ground for relief in his federal petition is that he is being unlawfully restrained past his alleged maximum expiration date of May 7, 2011. That claim did not accrue until that date had passed. Nonetheless, he contends that he raised the same claim in a state habeas application, which the Texas Court of Criminal Appeals denied on the trial court's findings without a hearing on September 8, 2010. *See* Objections at 3. However, the claim he raised before the Texas state court was one of separation of powers as between branches of the Texas state government and the construction given to certain Texas Government Code sections by the Texas Department of Criminal Justice. His argument was fundamentally that TDCJ's power to construe the sections was limited and reserved to the Texas judicial branch. At the time he made the

1

argument, his alleged maximum expiration date, as he computes it, had not yet run. Although he raises some of the same legal arguments in support of his instant federal claim, it is still simply a claim that he is being illegally restrained past his alleged release date, which he has not raised to the high Court in Texas. As the Magistrate Judge observed, it is insufficient that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir.2004), *cert. denied* 543 U.S. 989, 125 S. Ct. 498, 160 L. Ed. 2d 374). Petitioner's instant claim is simply different from the claim he posed to the Texas Court of Criminal Appeals. Therefore, as the Magistrate Judge stated, he has not satisfied the exhaustion requirement for a federal habeas claim. It is accordingly

**ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** without prejudice as unexhausted. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **25** day of **October, 2011.**

 _____
 Ron Clark, United States District Judge